IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 3 1 2008
J.T. NOBLIN, CLERK
BY_____DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CASE NO. 1.08cv1519H50-JMR |
| v. ) ) ) | **COMPLAINT** |
| GULF SHIP, L.L.C., ) ) | **WITH JURY DEMAND** |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to make whole Edward D. Roach, a qualified individual with a disability.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5 (5)(1).

4. At all relevant times, Defendant, Gulf Ship, L.L.C. ("Employer"), has continuously been a Mississippi limited liability company doing business in the State of Mississippi, the City of Gulfport, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to institution of this lawsuit, Edward D. Roach filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. Each condition precedent to the institution of this suit has been fulfilled.

8.      At all times relevant to the events alleged in this complaint Edward D. Roach was a qualified individual with a disability who, with or without an accommodation, could perform the essential functions of the job of Safety Manager for Defendant.

9.      In August 2006, Edward D. Roach applied for a position as Safety Manager with Defendant, the duties of which Mr. Roach was qualified to perform. For more than fifteen (15) years prior to his application with Defendant, Mr. Roach had been employed as a Safety Coordinator performing the same or similar duties.

10.     As part of the application process, when advised of the duties of the Safety Manager for Defendant, Edward D. Roach informed the interviewers that he was performing those duties at his present job.

11.     Defendant sent Mr. Roach for a physical with Dr. Hull, who issued Edward D. Roach a fit for duty report.

12.     Defendant's Plant Manager, Cliff Cooley noticed Edward D. Roach limping, and asked Bobbie Tolar of Human Resources if there was a problem with Mr. Roach. Ms. Tolar informed Mr. Cooley that Mr. Roach had told her that he was trying to lose weight and have both knees replaced.

13.     After receipt of information regarding Mr. Roach's alleged comments, Defendant submitted a letter to Dr. Hull enumerating the duties of the Safety Manager, and requesting that Dr. Hull revisit his examination records to determine whether Mr. Roach was fit to perform the Safety Manager position.

14.     Defendant did not advise Mr. Roach of its concern.

15. With no additional examination, no records from Mr. Roach's physicians, and without contacting Mr. Roach, Dr. Hull issued a not fit for duty amended report, which now found that Edward D. Roach suffered from uncontrolled hypertension (risk of stroke & heart attack), degenerative knees (affecting gait, walking and climbing) and monocular vision (affecting ability to judge distance & could cause a fall), all of which affected the essential functions of the duties of Safety Manager of "walking, stair climbing, walking on uneven surfaces, monitoring confined space air testing and most importantly emergency entry into confined spaces".

16. Defendant's representatives met with Edward D. Roach and informed him that Dr. Hull had concluded Edward D. Roach could not perform the Safety Manager duties.

17. Edward D. Roach protested that he had been doing the job for many years and had not experienced any problem doing his job.

18. Notwithstanding Edward D. Roach's protests, Defendant did not offer him an accommodation and terminated him because it regarded him to be substantially impaired in major life activities.

19. Edward D. Roach did not present a direct threat to the health or safety of himself or others.

20. Defendant's decision to fire Edward D. Roach, a qualified individual with a disability, was in violation of the Americans With Disabilities Act, 42 U.S.C. Section 12112.

21. The effect of the practices complained of above has been to deprive Edward D. Roach of equal employment opportunities and otherwise adversely affected

his status as an employee, because of disability.

22. The unlawful practices complained of above were intentional.

23. Defendant employer at all relevant times has been acting with malice or reckless indifference to the federally protected rights of Edward D. Roach, in violation of the ADA, 42 U.S.C. § 12101 et seq.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from (1) maintaining its policy of refusing to employ individuals with disabilities; and (2) denying requests for reasonable accommodation of a disability made by applicants or employees.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including the requirement that Defendant adopt a policy which provides for an individualized assessment of an individual's ability safely to perform the job for which he or she applies.

C. Grant a judgment requiring the Defendant Employer to make whole Edward D. Roach by providing appropriate back and future wages with prejudgment interest in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

5

D.  Order Defendant Employer to make whole Edward D. Roach by providing compensation for pecuniary and non-pecuniary losses, including but not limited to damages for embarrassment, humiliation and injury to dignity, in amounts to be proven at trial.

F.  Order Defendant Employer to pay Edward D. Roach punitive damages for its malicious and/or reckless conduct, in an amount to be proven at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, Northwest
Washington, D. C. 20554

C. Emanuel Smith (MS 7473)
Regional Attorney

_____
Julie Lee (DC 433292)
Supervisory Trial Attorney


_____
Charles E. Guerrier (OH 0023546)
Senior Trial Attorney


_____
David P. Bains (ASB-1263-S76B)
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 212-2044
Facsimile:   (205) 212-2041