IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                    PLAINTIFF

v.                                                                Civil Action No. 1:08cv1519HSO-JMR

GULF SHIP, LLC                                                                                DEFENDANTS

### ORDER GRANTING PLAINTIFF'S RULE 56(f) MOTION TO DENY OR EXTEND SUMMARY JUDGMENT UNTIL AFTER DISPOSITIVE MOTIONS DEADLINE AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

Before the Court are the Motion for Summary Judgment [59], filed on or about March 5, 2010, by Defendant Gulf Ship, LLC ("Gulf Ship"), and the Rule 56(f) Motion [64] to Deny or Extend Summary Judgment Until After Dispositive Motions Deadline, filed on or about March 12, 2010, by Plaintiff Equal Employment Opportunity Commission ("EEOC").  After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court finds that the EEOC's Rule 56(f) Motion [59] should be granted, and that Defendant's Motion for Summary Judgment [64] should be denied without prejudice as premature, with leave to reassert at the close of discovery.

The EEOC filed its Complaint against Gulf Ship on December 31, 2008, "under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to make whole Edward D. Roach, a qualified individual with a

disability." Compl. at p. 1. Defendant asserts in its Motion for Summary Judgment that the claims against it are factually and legally unsupported. *See* Mem. in Supp. of Mot. for Summ. J. at p. 2. Specifically, Defendant avers that: (1) Roach was not a "qualified individual with a disability" under the ADA; (2) there is no evidence that Defendant intentionally discriminated against Roach because it "regarded" him as "substantially impaired in major life activities; and, (3) there is no evidence that Defendant failed to offer Roach an accommodation and terminated him in violation of the ADA. *See id.*

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Rule 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

Rule 56(f) provides that:

> [i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f).

Because discovery is ongoing, the EEOC requests, pursuant to Rule 56(f),

that Defendant's Motion be denied, or alternatively, that it be permitted to respond to the Motion after the dispositive motions deadline. Rule 56(f) discovery motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The Rule "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Id*. The Court is of the opinion that the Rule 56(f) standard is satisfied here.

Rule 56 "presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts." *Isaacson v. Waste Management, Inc.*, No. 1:08cv438, 2009 WL 2408374, at *1 (S.D. Miss. Aug. 3, 2009) (*quoting Lewis v. Federal Reserve Bank of Atlanata-New Orleans*, 04-1452, 2004 WL 2035006, at *4 (E.D. La. Sept. 10, 2004)). Without such opportunity, Defendant's Motion is premature. A review of the briefs and the record indicate that the EEOC has made a sufficient showing of its need for discovery before it can adequately address the factual issues raised in Defendant's Motion. The record further illustrates that both parties have noticed a number of depositions since the filing of the Motion for Summary Judgment, and on April 26, 2010, the parties sought a joint extension of the discovery and dispositive motions deadline. *See* Mot. [125]. Based upon the foregoing, and because further discovery could potentially alter the current posture of Defendant's Motion, the Motion for Summary Judgment will be denied without prejudice as premature, with leave to reassert once the parties have concluded discovery.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Rule 56(f) Motion [64] to Deny or Extend Summary Judgment Until After Dispositive Motions Deadline, filed on or about March 12, 2010, by Plaintiff Equal Employment Opportunity Commission is hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Motion for Summary Judgment [59], filed on or about March 5, 2010, by Defendant Gulf Ship, LLC, is hereby **DENIED WITHOUT PREJUDICE**, with leave to reassert once the parties have concluded discovery.

**SO ORDERED AND ADJUDGED**, this the 20th day of May, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE